PER CURIAM.
These disciplinary proceedings are before the Court for consideration of two separately filed referee’s reports finding professional misconduct and recommending the imposition of disciplinary measures. In case no. 67,893, the respondent attorney, Dennis J. Slater, submitted a conditional guilty plea for a consent judgment. He does not challenge the referee’s findings and recommendations based thereon. In case no. 67,894, respondent Slater has filed a petition for review of the referee’s report.
Case No. 67,893
The Florida Bar joined with respondent in submitting a statement of stipulated facts and seeking approval of a consent judgment for certain agreed measures of discipline. The referee accepted the guilty plea for consent judgment and made findings and recommendations accordingly. In his plea respondent admits that he participated in organizing a physical therapy clinic for the purpose of providing treatment to clients who had sustained personal injuries. He arranged for these clients to be referred to the clinic for treatment. The charges incurred by patients at the clinic were incorporated into claims for damages or insurance coverage made on behalf of the clients. Respondent concealed his involvement in the organization and operation of the clinic from his law firm, the claimants, and the insurance companies.
Respondent also admitted transferring clients to another lawyer in exchange for the other lawyer’s investment of money in a business owned by a relative of respondent.
Respondent’s plea admits to the violation of the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4) (conduct involving misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 5-103(A) (acquiring a proprietary interest in a client’s cause of action). The referee, accepting the conditional guilty plea, recommended *192 that respondent be suspended from the practice of law for a period of two years and four months, to take retroactive effect and to run concurrently with a previous suspension that was in effect from October 21, 1981 to February 10, 1984. In addition, the referee recommended that respondent be required to appear before the Board of Governors of The Florida Bar for a public reprimand and pay the costs of this proceeding.
We approve the referee’s report and order discipline accordingly. Respondent will be given a public reprimand by personal appearance before the Board of Governors and pay the costs of this proceeding.
Case No. 67,894
In this case the complaint of The Florida Bar charged respondent with engaging in the practice of law while suspended and failing to sign contingent fee contracts and closing statements in connection with the representation of two clients. The referee found that the bar failed to prove that respondent had practiced law while suspended. The referee found respondent guilty, however, of failing to sign documents in violation of Disciplinary Rule 2-106(E) of the former Code of Professional Responsibility (failure to sign written fee contract; failure to prepare and sign written closing statement upon recovery).
Taking into consideration respondent’s consent judgment in case no. 67,893, in which respondent’s suspension was permitted to run concurrently with suspension time already served, the referee recommended that respondent receive a public reprimand and be placed on probation. The recommended term of probation is from six months to three years, with the condition that respondent must take the ethics portion of the Florida bar examination and that if he should attain a passing score on such examination his period of probation shall terminate upon the expiration of six months. The referee also recommended that The Florida Bar’s costs in this proceeding be apportioned between the charges not sustained by the evidence and those upon which a finding of guilt was made.
Respondent argues that the recommended disciplinary measures are out of proportion to the misconduct found and that the referee erred in his apportionment of costs. We reject the respondent’s arguments, approve the referee’s findings and recommended discipline, and approve the apportioned assessments of costs.
Conclusion
Respondent shall appear before the Board of Governors and be reprimanded for the misconduct established in case nos. 67,893 and 67,894. As recommended in case no. 67,894, he will also be placed on probation subject to the condition set forth above, that he take the ethics examination and remain on probation for at least six months and thereafter until he passes the examination. The Bar’s costs in case no. 67,893 are taxed against the respondent. In case no. 67,894, the apportioned costs assessment is made against the respondent. Judgment is entered for costs in the total amount of $1,935.27, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.